IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRIGINIA

**RICHMOND DIVISION**

| | |
|---|---|
| MITCHELL PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 3:10-cv-449 |
| v. | ) |
| | ) |
| THE BANK OF NEW YORK MELLON, | ) |
| et. al., | ) |
| | ) |
| Defendants, | ) |

**DEFENDANTS NATIONWIDE TRUSTEE SERVICES, INC. AND
MATRESSA R. MORRIS'S BRIEF IN SUPPORT OF 12(b)(6) MOTION TO
DISMISS**

COMES NOW, Defendant Nationwide Trustee Services, Inc. and Defendant Matressa R. Morris, and jointly submit this Brief in Support of their Motion to Dismiss. For the reasons set forth below, the Court should dismiss the Petition to Set Aside Foreclosure Sale for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), on the following grounds:

**I.  BACKGROUND AND STATEMENT OF FACTS**

On or about July 6, 2010, the Plaintiff filed a Petition to Set Aside Foreclosure Sale in this Court, said Petition being assigned case no. 3:10-cv-449. The Petition names Nationwide Trustee Services, Inc. ("Nationwide") and Matressa R. Morris ("Morris"), as well as nine additional individuals or entities, as Defendants in this action. Defendant Morris is an individual who, at all times relevant to this action has been a resident and domiciliary of the state of Georgia. Defendant Nationwide is a corporation organized under the laws of Georgia with its principal place of

business being located in Atlanta, Georgia. On July 15, 2010, the Plaintiff attempted to serve Defendant Nationwide and Defendant Morris by mailing a copy of the summons and complaint to Defendant Morris at her place of employment in Atlanta, Georgia via certified mail as witnessed by the return receipt filed by Plaintiff. Accordingly, Plaintiff has failed to properly serve Defendants Nationwide and Morris pursuant to Rule 4 of the Federal Rules of Civil Procedure.

In his Petition, the Plaintiff asks the court for "Injunctive Relief to Set Aside Foreclosure Sale, and Unlawful Detainer." (Petition p.2). In his "Conclusion", Plaintiff also asks the court for a host of additional remedies including, but not limited to: entry of a judgment against the Defendants in the amount of Twenty-Four Million Dollars ($24,000,000.00); immediate return of his property; "injunction for cessation of all federal funds to the State of Minnesota pursuant to USC penalties for federal civil rights Violations"; and criminal prosecution of the Defendants. (Petition, pg. 57).

Although the Petition is quite lengthy, the Plaintiff fails to set forth any factual basis for any theory of recovery against the Defendants. There is no mention of Defendant Morris in the Petition other than to identify her as a Defendant. (Petition p.4, ¶5(d)). The only specific mention of Defendant Nationwide, other than being identified as a party, comes on page 2 of the Petition in the following paragraph:

> 10. On December 31, 2009 (New Years Eve) at 3:45 a sale of the property was to be conducted at public outcry. This sale was to be conducted by Nationwide rustee (sic) Services, Inc. The court House was closed, and it is believed no sale took place at that

location. (Petition p. 2, ¶ 10).

The Plaintiff fails to allege any wrongdoing on the part of either Defendant Nationwide or Defendant Morris, or any of the other named Defendants for that matter, in the lending or servicing of the loan that is the underlying subject of this action. Nor does the Plaintiff allege any wrongdoing during the foreclosure process other than the fleeting suggestion that the court house was actually closed on the day the foreclosure sale was conducted. The remaining bulk of the Petition is comprised of what appear to be internet articles from various unidentified sources discussing multiple conspiracy theories related to bank and mortgage fraud involving lenders, government agencies, attorneys, and judges. However, the Plaintiff fails to draw any analogies between his claim and information contained within the articles. Further, he fails to assert any independent factual allegations relevant to his case.

Without any factual allegations against the Defendants, the Plaintiff's Petition fails to state a claim for which relief can be granted and this Honorable Court should grant Defendant Nationwide and Defendant Morris' Motion to Dismiss, with prejudice and order any other relief that the Court deems proper.

## II. STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)

When ruling on a Rule 12(b)(6) Motion to Dismiss "the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true." Higgins v. Medical College, 849 F. Supp. 1113, 1117 (E.D. Va. 1994) (*citing* Scheuer v. Rhodes, 416 U.S. 232 (1974)). Although it is true that in order to survive a Rule 12(b)(6) Motion to Dismiss a complaint need not include detailed

factual allegations, a plaintiff must, at a minimum, provide the grounds to establish his entitlement to relief. *See*, Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). It is well established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *See*, 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004). Further, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Therefore, in order to survive a Rule 12(b)(6) Motion to Dismiss a complaint must state a plausible claim for relief. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In Ashcroft v. Iqbal, 129 S.Ct 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court expanded upon Twombly by articulating a two-pronged analytical approach to be followed by courts when making a Rule 12(b)(6) determination. First, a court must identify and reject legal conclusions which are unsupported by factual allegations because they are not entitled to the presumption of truth. *Id.* at 1951. "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice. *Id.* (citations omitted). Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual

allegations "plausibly suggest an entitlement to relief." *Id.* at 1950-51. The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

## II. LEGAL ARGUMENT AND AUTHORITY

### A. The Petition fails to set forth facts sufficient to support a plausible claim against Defendant Nationwide under any theory of recovery.

Fed. R. Civ. P. 8(a)(2) provides that a pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, without such a statement showing entitlement to relief, the Plaintiff fails to state a claim. In Plaintiff's Petition, it is impossible to ascertain what theory of recovery the Plaintiff is asserting because none of the literature contained within the pleading is specific to the facts surrounding the foreclosure at issue. The Plaintiff has failed to make any factual allegations against Defendant Nationwide that would support his request that this Court set aside the foreclosure sale or any other relief requested. Although the Petition contains numerous pages of discussion and rhetoric on a host of statutes and theories of recovery such as RICO, the Hobbs Act, mortgage fraud, and bank fraud, he has failed to allege a single fact specific to his loan or the foreclosure that would support a claim for relief under any of the above.

The Petition in this case is disjointed and incoherent and does not give the Defendants a clear explanation of the claims that the Plaintiff seeks to have them address. As previously mentioned, the Plaintiff has failed to make any specific allegations of fact against Nationwide regarding any wrongdoing associated with the foreclosure sale or the processing or service of underlying loan. The Plaintiff's only statement in the Petition that even hints at some wrongful action taken by any Defendant, and specifically Defendant Nationwide, is the assertion that on "December 31, 2009 (New Years Eve)", the foreclosure sale date, the court house was actually closed, and therefore no sale could have taken place. (Petition, p.2, ¶10). Although not directly stated in the Petition it would appear that the Defendant is alleging that the courthouse was closed for New Years Eve as a holiday. Nationwide concedes that the foreclosure sale took place on December 31, 2009, however, the Henrico County Courthouse was not closed for New Years Eve.

The Defendant requests that this Court take judicial notice of the fact that on December 31, 2009, the Henrico County courthouse was open during its normal business hours. The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be question." Fed. R. Evid. 201(b). The fact that the Henrico County Courthouse was open on December 31, 2009, can easily be confirmed by the Clerk of Circuit Court for Henrico County, as well as by reviewing Va. Code Ann. § 2.2-3300 which sets forth an exclusive list of legal holidays for the Commonwealth of Virginia and its agencies, including courts. New Years Eve is not a legal holiday pursuant to Va. Code Ann. § 2.2-3300 and therefore, the Henrico County

courthouse was not closed on December 31, 2009 for New Years Eve as suggested by the Plaintiff.

The Petition fails to allege, or even suggest, any other specific action taken by Defendant Nationwide that raises a claim for which relief can be granted. In fact, despite continuing for 55 more pages, the Petition does not make any further mention of Defendant Nationwide by name, other than to list it as a named defendant. (Petition, p.4, ¶ 5(c)). The Plaintiff has failed to state any facts to support a cause of action under any theory of recovery and therefore, the Petition fails to state a legally plausible claim for relief. In fact, the Petition seems to be nonsensical at times and does not appear to even rise to the level of requiring a plausibility determination. Thus, this Court should dismiss the Petition with prejudice, as to Defendant Nationwide.

### B. The Petition fails to set forth facts sufficient to support a plausible claim against Defendant Morris under any theory of recovery.

Plaintiff's Petition fails to allege even a single fact regarding any action taken by Defendant Morris which is relevant to this lawsuit. The only mention of Defendant Morris, by name, is found on page 4 of the Petition where the Plaintiff lists the each party to the action. (Petition, p.4, ¶ 5(d)). The Plaintiff neglects to allege any wrongful conduct by Defendant Morris and does not even identify what role Defendant Morris may have played in the foreclosure or any other matter related to this lawsuit. The Petition does not even meet the threshold for invoking a plausibility determination by this Court as required by Twombly, *supra* and Igbad, *supra* because it is completely devoid of factual allegations against Defendant

Morris. Thus, this Court should dismiss the Petition with prejudice, as to Defendant Morris.

### III. CONCLUSION

The Plaintiff's Petition is woefully inadequate and fails to set forth sufficient allegations of facts to support the Plaintiffs' plausible entitlement to relief against Defendant Nationwide or Defendant Morris under any theory of recovery. The Petition should therefore be dismissed, with prejudice, as to Defendant Nationwide and Defendant Morris and the Defendants should be awarded costs expended in this matter and any other relief that the Court deems just and proper.

Respectfully submitted,

NATIONWIDE TRUSTEE SERVICES, INC. and
MATRESSA R. MORRIS
By Counsel

_____/s/_____

Summer J. Hughes, Esquire
Virginia Bar No. 76864
JOHNSON & FREEDMAN, LLC
1587 Northeast Expressway
Atlanta, Georgia 30329
Telephone: (678) 298-8817
Facsimile: (404) 329-8023
sjhughes@jflegal.com

Attorney for Defendants:
Nationwide Trustee Services, Inc. and Matressa R. Morris

## **CERTIFICATE OF SERVICE**

I hereby certify that on the ___ day of August, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mitchell B. Perkins, pro se
4307 Third Street
Richmond, VA 23223

And I hereby certify that I will mail the document and a copy of the NEF, pursuant to Fed. R. Civ. P. 5(b) by U.S. Mail to the the following non-filing user:

Mitchell B. Perkins, pro se
4307 Third Street
Richmond, VA 23223

_____/s/_____

Summer J. Hughes, Esquire
Virginia Bar No. 76864
JOHNSON & FREEDMAN, LLC
1587 Northeast Expressway
Atlanta, Georgia 30329
Telephone: (678) 298-8817
Facsimile: (404) 329-8023
sjhughes@jflegal.com

Attorney for Defendants:
Nationwide Trustee Services, Inc. and
Matressa R. Morris