UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA


Richmond Division


MITCHELL PERKINS,

Plaintiff,

v.                                                    Case No. 3:10CV00449

THE BANK OF NEW YORK MELLON, et. al.,

Defendants.


**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendants, the Honorable Joi Jeter Taylor and the Commonwealth of Virginia, submit this Memorandum in Support of the Motion to Dismiss.[1]

## I.     INTRODUCTION

This suit arising out of a foreclosure proceeding on a property located at 4307 3rd Street, Richmond, Virginia, 23223.  Pet. p. 2.  Plaintiff has filed suit against multiple defendants allegedly involved in various ways in the foreclosure process, including the Honorable Joi Jeter Taylor ("Judge Taylor") and the Commonwealth of Virginia.  Pet. pp. 2, 4.  The plaintiff questions rulings Judge Taylor made in a lawsuit that came before her. Pet. pp. 52, 53.  However, despite an extensive list of constitutional rights and statutory provisions that were alleged violated, plaintiff does not factually set forth a claim for any of those alleged violations. Therefore, Judge Taylor and the Commonwealth of Virginia

---

[1]  Judge Taylor has not been properly served in this matter as is reflected in her Motion to Quash.  The Commonwealth has not been served at all, but waives formal service in an effort to expedite these proceedings.

move to dismiss the amended petition to set aside foreclosure sale under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.     STANDARD OF REVIEW

### A.     Fed. R. Civ. P. 12(b)(1)

Rule 12(b) (1) of the Federal Rules of Civil Procedure "permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003). The burden of proving subject matter jurisdiction is on the plaintiff, the party seeking to invoke the court's jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996).

There are two ways to present a motion to dismiss for lack of subject matter jurisdiction. *Id.* First, the defendant may assert that the Complaint fails to allege facts which support the exercise of subject matter jurisdiction. In this situation, all the facts alleged in the Complaint are deemed to be true for purposes of the motion. *Id.* Second, a defendant may contend that the jurisdictional allegations in the Complaint are not true. *Id.* This argument allows a court to go beyond the allegations of the complaint. *Id.*

The court "weighs the pleadings and all of the other evidence to determine whether subject matter jurisdiction exists." *Allen*, 245 F. Supp. 2d at 783 (internal citations omitted). A trial court may consider evidence outside of the Complaint without converting the motion into a motion for summary judgment. *Adams*, 697 F. 2d at 1219.

### B.     Fed. R. Civ. P. 12(b)(6)

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

2

12(b) (6). "The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Allen*, 245 F. Supp. 2d at 783.

Considering the complaint and its allegations in the light most favorable to the non-moving party, a court must grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Expanding upon its decision in *Twombly*, the 5 to 4 majority in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Two working principles were held to underlie this requirement of facial plausibility. First, not only are legal conclusions not to be accepted as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, quoting *Twombly*, 550 U.S. at 555. The second working principle is that the task is "context-specific," meaning that the Court is allowed to impose on the analysis its "judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citing the Second Circuit Court of Appeals' observation in its decision below). In sum, the Court in *Iqbal* concluded that not all allegations, mainly those in the form of legal conclusions and factually implausible ones, are entitled to an assumption of truth. *Id.*

3

### III.   ARGUMENT

**A.   The Petition Should be Dismissed for Lack of Subject Matter Jurisdiction**

**1.   Eleventh Amendment Immunity Bars this Action**

"[A] federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  This Court lacks subject matter jurisdiction over the instant action because the state defendants are immune from plaintiff's claims.  Thus, the amended petition should be dismissed with prejudice.

Plaintiff's claims against Judge Taylor and the Commonwealth of Virginia are barred by the Eleventh Amendment of the United States Constitution.  The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state.

U.S. Const. amend. XI.

It is well-settled that the Eleventh Amendment precludes lawsuits in federal court against states and state agencies.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (suit against state agency is barred by the Eleventh Amendment).  Therefore, this lawsuit against the Commonwealth is barred by Eleventh Amendment immunity.

Furthermore, Eleventh Amendment immunity extends to state officials who are sued for damages in their official capacity, since such actions merely constitute suits against the state.  *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Plaintiff sues Judge

4

Taylor in her official capacity and seeks damages. This Court is without jurisdiction to hear plaintiff's claims for money damages against any of the state defendants in their official capacity and these claims should be dismissed.

**2.      Plaintiff's Claims against Judge Taylor are Completely Barred by Judicial Immunity**

The scope of judicial immunity is broad. "Judicial immunity arose because it was in the public interest to have judges who were at liberty to exercise their independent judgment about the merits of a case without fear of being mulcted for damages should an unsatisfied litigant be able to convince another tribunal that the judge acted not only mistakenly but with malice and corruption." *Dennis v. Sparks,* 449 U.S. 24, 31 (1980). For this reason, a judge is only subject to a suit for money damages if the judge's actions were not "judicial" or were clearly in the "absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). "A judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.* "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that he judges should be at liberty to exercise their functions with independence and without fear." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

The amended petition does not allege that Judge Taylor did not have jurisdiction to hear the matter that came before her. Instead, the amended petition attempts to loosely allege some vague conspiracy. However, the Western District of Virginia has held that "a judge's immunity is not pierced by allegations that he conspired with others to do an allegedly unlawful act so long as the act is within his judicial powers." *Plotzker v.*

*Lamberth*, 2008 U.S. Dist. LEXIS 86198, * 13 (2008); *See also Dennis*, 449 U.S. 24 (dismissal of conspiracy claims against judge on basis of judicial immunity affirmed). Therefore, Judge Taylor's is completely immune from this suit due to judicial immunity.

**B.     The Complaint Must be Dismissed for Failure to State a Claim Upon Which Relief May be Granted**

The Petition should be dismissed for failure to state a claim. Plaintiff fails to allege facts against Judge Taylor and the Commonwealth of Virginia that state a claim justifying relief or establish a violation of his rights.

**1.     Plaintiff's § 1983 Claim Against the Commonwealth and Judge Taylor is Barred**

The petition should be dismissed for failure to state a claim against the Commonwealth or Judge Taylor in her official capacity, as neither are "persons" amenable to suit under 42 U.S.C. § 1983. A claim brought pursuant to § 1983 requires the deprivation of a civil right by a "person" acting under color of state law. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989). "It is now well-settled that a state cannot be sued under Section 1983." *Id.* In addition, a state official, acting in his or her official capacity, is not a "person" for the purposes of the statute. *See id.* ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). As a result, plaintiff's § 1983 claim against the Commonwealth and Judge Taylor in her official capacity must be dismissed with prejudice as a matter of law.

Furthermore, under § 1983, the defendant must have personally participated in the alleged constitutional deprivation or exercised some control. *Kelley v. Chastain*, 2008 U.S. Dist. LEXIS 5314, *19 (D.S.C. Jan. 24, 2008). There are no specific allegations

against Judge Taylor that she participated in violating any of the plaintiff's constitutional rights. Therefore, this petition against her should be dismissed.

**2.     Plaintiff did not Adequately Allege a Due Process Claim**

42 U.S.C. § 1983 protects only against violations of the United States Constitution or federal statutory rights. *Baker v. McCollan*, 443 U.S. 137, 146 (1979).  It does not protect against anything on its own.

The Due Process Clause requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *see also Etheridge v. Medical Ctr. Hospitals*, 237 Va. 87, 97(1989).  Thus, to state a claim for deprivation of procedural due process, a plaintiff must demonstrate (1) a liberty or property interest (2) of which the government deprived him (3) without due process. *See Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 826 (4th Cir. 1995).  There are no facts in the petition that show that Judge Taylor or the Commonwealth did not afford the plaintiff the due process to which he was entitled.  On the contrary, it appears from the petition that plaintiff was aware of and participated in the hearings held in state court. Pet. p. 52.  Plaintiff has failed to plead facts which support a plausible procedural due process claim.

Substantive due process protects against the arbitrary exercise of power of government for purposes of oppression. *Temkin v. Frederick County Commissioners*, 945 F.2d 716, 721 (4th Cir. 1991), cert. denied, 502 U.S. 117 (1992), and *Rucker v. Hartford County*, 946 F.2d 278 (4th Cir. 1991), cert. denied, 502 U.S. 1097 (1992).  Not only must a plaintiff show grossly arbitrary and capricious governmental action to

support a substantive due process claim, the conduct alleged must rise to such a level that it shocks the conscience. *Weller v. Department of Social Services*, 901 F.2d 387, 392 (4th Cir. 1990). There are no facts alleged against Judge Taylor or the Commonwealth which meet this standard.

### 3.     Plaintiff did not Adequately Plead an Equal Protection Claim

The Fourteenth Amendment to the U.S. Constitution provides that "no state . . . shall deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. In order to state a claim under the equal protection clause, "a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Waters v. Bass*, 304 F. Supp. 2d 802, 819 (E.D. Va. 2004); *Blagman v. White*, 112 F. Supp. 2d 534, 538 (E.D. Va. 2000). In his petition, plaintiff makes conclusory allegations of equal protection violations. Plaintiff has not, however, alleged or demonstrated that he was treated differently than others who were similarly situated. Nor has plaintiff pled facts to establish that he was the victim of unequal treatment as a result of intentional or purposeful discrimination. As a result of plaintiff's failure to allege and plead facts supporting a claim of unequal treatment due to intentional discrimination, his petition must be dismissed with regard to any claim of equal protection violations.

### 4.     The Plaintiff did not Adequately Alleged Violations of RICO

"A plaintiff seeking civil damages under RICO must allege and prove four elements: (1) conduct [causing injury to business of property], (2) of an enterprise, (3)

through a pattern, (4) of racketeering activity." *Reaves v. Peace*, 1996 U.S. Dist. LEXIS 7482, * 48 (1996), *affirmed* 1997 U.S. App. LEXIS 3107 (4th Cir. 1997). Plaintiff has failed to provide factual allegations in support of any of these elements. Conclusory allegations alone are not enough, especially with regard to an alleged enterprise. *See Id.* at * 49.

**5.    Plaintiff has not Adequately Pled any other Claims**

While it appears that plaintiff presents a laundry list of Constitutional amendments and statutes that have allegedly been violated, he does not present the court with any substantive factual allegations to support those claims. It is unclear exactly what the factual claim is against Judge Taylor or the Commonwealth. Under the standards set forth in *Twombly* and *Iqbal* this is not enough to state a cause of action.

## IV.    CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants, the Honorable Joi Taylor and the Commonwealth of Virginia respectfully request that this Court grant the Motion to Dismiss the amended petition with prejudice and grant any other relief deemed appropriate.

## V.    *ROSEBORO V. GARRISON* NOTICE AND WARNING

Notice to *pro se* Plaintiff. Defendants, by counsel, warn you of the following:

1)    You are entitled to file a response opposing this motion. A response must be filed within **twenty days** of the date on which this motion was filed;

2)    The Court may dismiss your case if you do not file a response;

3)    You must identify all facts in this motion with which you disagree. You must set forth your version of the facts by offering affidavits (written statements signed

before a notary public and under oath) or by filing sworn statements (bearing a certificate

that it is signed under penalty of perjury); and

      4)    You are entitled to file a legal brief in opposition to the one filed by

Defendants.

                          Respectfully submitted,

                          **THE HONORABLE JOI TAYLOR and the COMMONWEALTH OF VIRGINIA**

                          By: _____/s/_____
                          Christy W. Monolo, Esq.
                          Virginia Bar number 47512
                          Attorney for the Honorable Joi Taylor and
                          Commonwealth of Virginia
                          Office of the Attorney General
                          900 East Main Street
                          Richmond, Virginia 23219
                          Phone: 804-786-1192
                          Fax: 804-371-2087
                          cmonolo@oag.state.va.us

KENNETH T. CUCCINELLI, II
Attorney General of Virginia

WESLEY G. RUSSELL, JR.
Deputy Attorney General

CHRISTY W. MONOLO (VSB No. 47512)*
Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
900 East Main Street
Richmond, Virginia 23219
(804) 786-1192
(804) 371-2087 (FAX)

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I mailed the document by U.S. mail to the following non-filing user:

Mitchell Perkins
4307 Third St.
Richmond, VA 23221
*Pro se plaintiff*

By: _____/s/_____
Christy W. Monolo, Esq.
Virginia Bar number 47512
Attorney for the Honorable Joi Taylor and
Commonwealth of Virginia
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Phone: 804-786-1192
Fax: 804-371-2087
cmonolo@oag.state.va.us