UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Richmond Division

MITCHELL PERKINS,

        Plaintiff,

v.                              Case No. 3:10CV00449

THE BANK OF NEW YORK MELLON, et. al.,

        Defendants.

Brief in Opposition to Plaintiff's Motion for a Temporary Restraining Order

    COME NOW the defendants, the Commonwealth of Virginia and the Honorable Joi Taylor, Judge , Richmond City General District Court, by counsel, and ask this Court to deny the plaintiff's motion for a temporary restraining order.

    A temporary restraining order should not issue against either the Commonwealth or against Judge Taylor. As a preliminary matter, both the Commonwealth, by operation of the 11th Amendment, and Judge Taylor, by operation of judicial immunity, are immune from this action. Turing to the motion for a temporary restraining order, the Fourth Circuit in *The Real Truth About Obama v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009), recently clarified the standard governing a motion for a temporary restraining order. Specifically, the Fourth Circuit held that the movant must make a clear showing as to four factors: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips

in his favor; and (4) that an injunction is in the public interest. *See* id. at 347. Because the plaintiff cannot make a clear showing as to any of the four factors as they pertain to either the Commonwealth or Judge Taylor, the motion should be denied.

*The Motion should be Denied because these Defendants are Immune*

As a preliminary matter, the court should deny the motion because the Commonwealth is immune by operation of the 11th Amendment. Judge Taylor is immune by operation of judicial immunity.

The Eleventh Amendment bars this action as to the Commonwealth of Virginia. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Further,

> [T]he [Supreme] Court long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the [Eleventh] Amendment refer only to suits by citizens of another State. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Employees v. Missouri Dept. of Public Health and Welfare*, 411 U.S. 279, 280 (1973).

*Welch v. Texas Dep't of Highways & Public Transp.*, 483 U.S. 468, 472, 107 S. Ct. 2941, 2945, 97 L. Ed. 2d 389, 396 (1987). This principle applies even where the District Court's federal question jurisdiction is invoked. *Hans v. Louisiana*, 134 U.S. 1, 10, 10 S. Ct. 504, 505, 33 L. Ed. 842, 845 (1890). "The preeminent purpose of state sovereign immunity is to accord States the dignity that is consistent with their status as sovereign entities." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 760, 122 S. Ct. 1864, 1874, 152 L. Ed. 2d 962, 977 (2002).

In the case at bar, plaintiff seeks to invoke the jurisdiction of the federal court to enjoin the Commonwealth from proceeding with an eviction set to commence on January 12, 2011. Mot. at ¶ 2. The Court should deny the motion as to the Commonwealth by operation of the 11th Amendment.

Turning to judicial immunity, as the United States Supreme Court said in *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978), judicial immunity lies unless the court acts "in clear absence of all jurisdiction." *Id.*, 435 U.S. at 356, 98 S. Ct. at 1105, 55 L. Ed. 2d at 339. The Supreme Court further stated that judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are allegedly to have been done maliciously or corruptly." *Id.*, 435 U.S. at 355-56, 98 S. Ct. at 1104, 55 L. Ed. 2d at 338. Judicial immunity is an absolute defense, not merely to liability or damages, but also to suit under 42 U.S.C. § 1983. *Mireless v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, ___, 116 L. Ed. 2d 9, 14 (1991). Only two exceptions apply to judicial immunity: a judge is not immune for non-judicial actions and a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *See id.*, 502 U.S. at 11-12, 112 S. Ct. at ___, 116 L. Ed. 2d at 14. Even so, judges are immune for judicial acts done in furtherance of a conspiracy. *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185, 189 (1980).

In the case at bar, Judge Taylor's jurisdiction extends to eviction proceedings. *See* Va. Code Ann. § 16.1-77(3) (setting forth the civil jurisdiction of general district courts to include actions of unlawful entry or detainer as provided in Article 13, § 8.01-124-§ 8.01-130 of Chapter 3 of Title 8.01) and Va. Code Ann. § 8.01-128 (granting jurisdiction to return property wrongfully detained). Thus, she cannot have acted in clear

absence of all jurisdiction.  Further, because this is an eviction at issue, mot. at ¶ 2, it necessarily flows from a judicial act.  Hence, judicial immunity attaches.  The motion as to Judge Taylor should be dismissed by operation of judicial immunity.

The Court should dismiss this motion without reaching its merits because the Commonwealth is immune by operation of the 11th Amendment and Judge Taylor is immune by operation of judicial immunity.

*The motion should be denied because the plaintiff cannot make a clear showing as to any of the factors required for the issuance of a temporary restraining order - failure to show any one of them is fatal to the motion*

The motion should be denied because the plaintiff cannot make a clear showing as to any of the four factors comprising the standard for the issuance of a temporary restraining order.

The Fourth Circuit in *The Real Truth About Obama,* 575 F.3d at 347, recently clarified the standard governing a motion for a temporary restraining order. Specifically, the Fourth Circuit held that the movant must make a clear showing as to four factors: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See* id.

In reviewing the amended complaint and the motion at issue, it is difficult to discern what, if any, advantage the plaintiff would secure if the Court were to enjoin the Commonwealth or Judge Taylor.  As to these parties, the acts are completed so there is nothing to restrain.

Turning to the first prong of the standard, the plaintiff has not shown that he is likely to prevail on the merits as to the Commonwealth or Judge Taylor. Neither the amended complaint nor the motion even hint at the factual basis the plaintiff has for making these claims against these defendants.[1] As such, he has not clearly shown that likely to prevail on the merits.

Nor is the plaintiff likely to suffer irreparable harm in the absence of preliminary relief as to these defendants. Again, the actions of the Commonwealth and of Judge Taylor are completed. Granting preliminary relief here would not serve to alleviate the harm the plaintiff would suffer due to being evicted.

Because the acts of these defendants are completed, the balance of equity does not tip in the plaintiff's favor. There is no equity in the balance with regard to these defendants because there is nothing to enjoin as to these defendants.

Finally, the plaintiff cannot clearly show that enjoining these defendants is in the public interest. He has not addressed this issue in his motion.

The motion should be denied because the plaintiff failed to clearly show that he can meet either one of the four prongs of the standard for granting a temporary restraining order. Failing to clearly show that he can meet one is fatal to his motion.

WHEREFORE the Commonwealth of Virginia and the Honorable Joi Taylor, Judge, ask this Court to deny the plaintiff's motion for a preliminary injunction and for any other remedy the Court deems appropriate.

---

[1] While the Court could permit the plaintiff to explain the factual basis for his claims against these defendants at the hearing, allowing him to do so may not permit counsel to adequately prepare to respond to his contentions.

5

Respectfully submitted,

**THE COMMONWEALTH OF VIRGINIA
AND
THE HONORABLE JOI TAYLOR**

By: _____/s/_____
Paul Kugelman, Jr. (VSB: 41624)
Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
Telephone: (804) 786-1723
Fax: (804) 371-2087
E-mail: pkugelman@oag.state.va.us
*Counsel for the Commonwealth of Virginia
and the Honorable Joi Taylor*

Kenneth T. Cuccinelli, II
Attorney General of Virginia

Wesley G. Russell, Jr.
Deputy Attorney General

\* Paul Kugelman, Jr.  (VSB No. 41624)
Assistant Attorney General

Office of the Attorney General
900 East Main Street
Richmond, Virginia  23219
Telephone:  (804) 786-1192
Facsimile:  (804) 371-2087

\*Counsel of Record for this Motion

6

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 10th day of January 2011, I will electronically file the foregoing with the clerk of the court using the CM/ECF system and sent a true copy via U.S. Mail to the following:

                Mitchell Perkins
                4307 Third Street
                Richmond, VA 23223
                Plaintiff, *pro se*

                By:    _____/s/_____
                        Paul Kugelman, Jr. (VSB No. 41624)
                        Office of the Attorney General
                        900 East Main Street
                        Richmond, Virginia  23219
                        Telephone: (804) 786-1723
                        Fax: (804) 371-2087
                        E-mail: pkugelman@oag.state.va.us
                        *Counsel for the Commonwealth of*
                        *Virginia and the Honorable Joi*
                        *Taylor*