IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MITCHELL PERKINS,

                Plaintiff,

                v.                Civil Action No. 3:10CV449-JAG

BANK OF NEW YORK MELLON, et al.,

                Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on motions to dismiss filed by eight of the named defendants, under Fed. R. Civ. P. 12(b)(6).[1] Having reviewed the plaintiff's Amended Complaint as well as the defendants' memoranda in support of their motions, the Court will dismiss this case as to all defendants.[2] For purposes of this motion, the Court will assume, without deciding, that the plaintiff has properly served the various defendants and that the Court has personal and subject matter jurisdiction over the defendants. Given its decision, the Court will deny as moot the motions to quash service filed by five of the defendants,[3] the Fed R. Civ.

---

[1] The eight defendants who have appeared in this case and filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) are: (1) the Commonwealth of Virginia, (2) the Honorable Joi Jeter Taylor (Dk. No. 13); (3) Matressa R. Morris, (4) Nationwide Trustee Services, Inc. (Dk. No. 7); (5) Professional Foreclosure Corporation of Virginia, (6) Shapiro & Burson, LLP, (7) John S. Burson, and (8) E. Edward Farnsworth, Jr. (Dk. No. 20).

[2] Three defendants, the Bank of New York Mellon, Mortgage Electronic Mortgage Systems, and Home EQ Servicing, have not appeared. The Court dismisses the case as to them *sua sponte*.

[3] The Honorable Joi Jeter Taylor (Dk. No. 11); Professional Foreclosure Corporation of Virginia, Shapiro & Burson, LLP, John S. Burson, and E. Edward Farnsworth, Jr. (Dk. No. 17).

P. 12(b)(1) motions filed by two of the defendants,[4] and the Fed. R. Civ. P. 12(e) motion filed by another two of the defendants.[5]

## I. STATEMENT OF THE CASE

In this case, the plaintiff, Mitchell Perkins, appears to complain about the foreclosure on his former residence. Perkins admits that he has signed a mortgage note and deed of trust related to the house and further admits that he has been unable to make the required payments on the note.

Perkins filed his Amended Complaint (the "Complaint") on July 6, 2010, against eleven defendants. He seems to allege that they all played some role in the foreclosure; yet, the Complaint contains few factual allegations against the defendants. Rather, the 57-page Complaint contains rhetoric on a host of statutes and theories of recovery such as RICO, the Hobbs Act, mortgage fraud, and bank fraud. This Court takes judicial notice that plaintiff's Complaint is virtually identical to the complaint filed in *Stewart v. HSBC Bank*, 2010 U.S. Dist. LEXIS 92099 (E.D. Va. Sept. 3, 2010), *aff'd*, 2011 U.S. App. LEXIS 915 (4th Cir. Jan. 18, 2011) and is obviously a conglomeration of documents prepared by a third-party and circulated among like-plaintiffs.[6]

The third page of the Complaint refers to "R.I.C.O., FRAUD, BANK FRAUD, CONSPIRACY/OBSTRUCTION OF JUSTICE, TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERJURY, U.S. PATRIOT ACT TITLE III."[7] The plaintiff refers to the Complaint as a "PETITION IN THE NATURE OF A SUIT FOR DEPRIVATION OF FEDERALLY PROTECTED RIGHTS TITLE 42 USC 1983, 1981, 1985, 1988, TITLE 18 USC

---

[4] The Commonwealth of Virginia and the Honorable Joi Jeter Taylor (Dk. No. 13).
[5] Matressa R. Morris and Nationwide Trustee Services, Inc. (Dk. No. 9).
[6] The only difference between the two complaints is the inclusion of a 22-page document on page 3 of the *Stewart* complaint entitled "Expert Declaration of Neil Franklin Garfield."
[7] The quotations in this opinion are verbatim from the Amended Complaint and will not contain the word "*sic*" to denote errors.

241, 242, 1512, 1968, 1964, FOR INJUNCTIVE AND DECLARATORY RELIEF AND OTHER DAMAGES AS THE COURT SHALL DETERMINE REASONABLE, LAWFUL, AND JUST." "Ground 1," on page 4 of the Complaint, states: "Under the patriot act domestic terrorist to delegitimize political opponents, and thus legitimize the state's own use of terror against those opponents. Opponents in participants are following: (Title III, VI, VIII, H.R. 2975) Charges in header above also applies along with FRAUD/BANK FRAUD, PROCEDURAL DUE PROCESS VIOLATIONS IN STATE COURT." The Complaint also refers to the Hobbs Act, 18 U.S.C. § 1951.

Thereafter, the Complaint contains the following: (1) several pages that are entitled "Brief in Support" that state that "the government-sponsored enterprises can reclaim the money 'scammed' from them by the banks;" (2) approximately fifteen pages that begin with the title "Memorandum of Law - Bank Fraud," and include citations to various cases throughout the United States and statements entitled "How and Why the Banks Secretly and Quickly 'Switch Currency,'" "Logic as Evidence," and "What a Profit for the Bank!;" (3) a list of "Definitions to Know When Examining a Bank Contract;" (4) "Questions One Might Ask the Bank in an Interrogatory;" (5) a purported "Judgment and Decree" in a 1969 case from Minnesota; (6) many pages that are referred to as "this Memorandum of Law" that include subtitles such as "Credit Loans and Void Contracts Perfect Obligation as to a Human Being as to a Bank," "The Goldsmiths," "Modern Money Mechanics," "How Banks Create Money," "Different Kinds of Money," "By What Authority," "Void 'Ultra Vires' Contracts," "The Question of Lawful Consideration," "Borrower Relief" and "Additional Borrower Relief," "Perfect Obligation as to a Human Being," "Perfect Obligation as to a Bank," "The Case is Clear," and "Fiddling of Banks' Books Does Not Create a Contract;" (7) a purported "Opinion and Order" issued in the United

States District Court for the Northern District of Ohio, Eastern Division, on May 26, 2009; and (8) "Summary of the Law of Voids in the United States," which includes subtitles such as "Theft by Deception," "Fraudulent Conveyance," "Foreclosures at the Table," and "Explanation of Deed of Trust."

On page 42, the Complaint continues, stating: "GROUND 2: R.I.C.O. Defendant(s) have by their acts/actions, past behavior(s) Racketeering in State Court Proceedings including the State in this case as well including Judges an their bar friends collection attorneys." This is followed by sixteen case citations. The statements following those citations are the first specific mention of the plaintiff in this matter: "Plaintiff's preliminary RICO case statement. Mitchell B. Perkins, in this complaint, testifies to injury to property and business by reason of acts that violate section 4 of the Clayton Act . . . Bradley W. Bean, has articulated violations of racketeering laws, will testify that the violations injured property warranting treble damages." There are further conclusory allegations claiming that Mr. Perkins has standing to sue under RICO and that he has perfected a RICO claim.

On page 45, the Complaint states: "GROUND 3. Bank Fraud, Mortgage Fraud in State Court Proceedings." This is followed by a purported opinion from a New York court, *Wells Fargo Bank, N.A. v. Farmer*, 18 Misc.3d 1124[A], 859 N.Y.S.2d 900, 2008 NY Slip Op 50199[U] ([N.Y. Sup. 2008]). Following the citation to the New York case is a statement about mortgage fraud, and then language that appeared on page three of the complaint, "R.I.C.O., FRAUD, BANK FRAUD, CONSPIRACY/OBSTRUCTION OF JUSTICE, TAX FRAUD, MONEY LAUNDERING, WIRE FRAUD, PERJURY, U.S. PATRIOT ACT TITLE III," is repeated, as is the reference to the complaint as a "PETITION IN THE NATURE OF A SUIT FOR DEPRIVATION OF FEDERALLY PROTECTED RIGHTS TITLE 42 USC 1983, 1981,

1985, 1988, TITLE 18 USC 241, 242, 1512, 1968, 1964, FOR INJUNCTIVE AND DECLARATORY RELIEF AND OTHER DAMAGES AS THE COURT SHALL DETERMINE REASONABLE, LAWFUL, AND JUST." This is followed by "GROUND 4. Due Process Violations," and a discussion of a recent New York Supreme Court case, cited as *LaSalle Bank, N.A. v. Shearon*, 19 Misc.3d 433, 850 N.Y.S.2d 871 (N.Y.Supp. 2008).

On page 52, the "R.I.C.O…" language that appeared on page three of the Complaint is repeated a third time, followed by the subtitle "GENERAL ALLEGATIONS." Then, the Complaint contains a purported statement of due process and other various Constitutional violations as well as, on page 54, the subtitle "FORTH CLAIM FOR RELIEF," discussing "ongoing unlawful intentional tort denial and obstruction of due process and equal protection" and referencing various provisions of the Constitution. Next, the Complaint states, "GROUND 5: Jurisdiction in State Court Violations," followed by "JUDICIAL NOTICE IN THE NATURE OF WRIT OF ERROR CORAM NOBIS NON CORPORATE ENTITY & A DEMAND FOR JUDGMENT," and language referring to a "Foreign State," the "Foreign Sovereign Immunity Act," and statements entitled "EXAMPLE CASE SUMMARY OF DAMAGES." Finally, on page 57, plaintiff moves for judgment against the defendants in the amount of $24,000,000 and for other relief.

In short, the Complaint is a mishmash of references to publications and authorities without any factual statements about what the defendants actually did.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Fed R. Civ. P. 12(b)(6) (2009); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Thus, in deciding a Rule

12(b)(6) motion, a court must accept all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), as well as provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

A motion to dismiss challenges the legal sufficiency of a claim; however, to survive a motion to dismiss, a plaintiff must allege facts showing the claim's plausibility. Fed. R. Civ. P. 8(a)(2) (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). As the Fourth Circuit stated in *Francis v. Giacomelli*, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). A complaint stating facts that are "merely consistent with" a defendant's liability, therefore, "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557 (internal citation omitted). A complaint achieves facial plausibility when it contains sufficient factual allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193. In short, the Court must assume plaintiff's well-pleaded factual allegations to be true and determine whether those allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

Plaintiff's Complaint also implicates two specialized pleading rules. First, Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b) (2009). The "circumstances constituting fraud" include "the time, place, and

contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted).

Second, Perkins is proceeding *pro se*. This Court must construe a claim submitted by a *pro se* litigant liberally and hold it to a less stringent standard than would be applied to a pleading drafted by a lawyer. *Erickson*, 551 U.S. 89, 94 (2007) (citation omitted); *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Yet, while *pro se* actions are to be generously construed, federal courts are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) (District judges "cannot be expected to construct full blown claims from sentence fragments.").

### III.  DISCUSSION

The Complaint must be dismissed on several grounds. First, the plaintiff has not complied with the most elementary requirements of *Twombly* and its progeny. The Complaint contains no comprehensible factual allegations about any of the defendants. While Perkins' Complaint is long on rhetoric, it is short on facts. The Complaint simply does not make a plausible case against any of the defendants. Although the plaintiff has listed a long series of statutes and constitutional provisions, he does not say how any of the defendants violated those laws. Since the plaintiff has failed to state a plausible claim against the defendants, the case must be dismissed.

Alternatively, the Complaint also violates Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. Despite the breadth of material in its 57 pages, the Complaint in no way contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Instead, the Complaint is an incomprehensible conglomeration of

documents prepared by a third-party and altered in minor ways by the plaintiff. Many of the documents appear to be excerpts from court cases and "treatises" on particular areas of law, and the plaintiff only alludes to general allegations of currency exchanging and failure to sign certain loan documents. At no point does the plaintiff adequately link any allegation of wrongdoing to one of the particular defendants in this case. The plaintiff has simply failed to comply with Rule 8.

The plaintiff also has violated Rule 9(b). Although his complaint charges a fraud, he has not alleged any of the required elements with any degree of certainty or particularity.

The Court recognizes that the plaintiff is proceeding *pro se*. Nevertheless, he must assert some facts from which the Court can infer that the defendants wronged him. Perkins' Complaint simply fails to come anywhere close to the mark.

The Court will dismiss the case.

An appropriate Order shall issue.

                                                  /s/  
                                           JOHN A. GIBNEY, JR.  
                                           UNITED STATES DISTRICT JUDGE

Date: February 3, 2011  
Richmond, VA